# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TANDY L. HAIRSTON, <br> CAROLYN BEVERLY, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 4:05CV00363ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss [doc. # 5] under Fed. R. Civ. P. 12(b) filed on April 28, 2005. Plaintiffs seek the return of a Rolex watch previously forfeited in a civil case and additional property seized under a search warrant from Plaintiff Hairston's home. For the reasons below, Defendant's Motion to Dismiss is granted with regard to the watch but denied with regard to the additional non-forfeited property.

**I. BACKGROUND**

On April 18, 2002, the Government filed its Complaint of Forfeiture of a Rolex Platinum with Diamond Cluster Watch that was found in a search of Plaintiff Hairston's residence. The Government alleged that the watch was traceable proceeds from a violation of wire fraud, and therefore subject to a civil forfeiture suit under 18 U.S.C. § 981(a)(1)(D)(vi).[1] On August 7, 2002, a default judgment was entered; noone filed a motion claiming an interest in the property by contesting the forfeiture or claiming an "innocent owner" defense. Similarly, the judgment was

---

[1] Under 18 U.S.C. § 981(a)(1)(D)(vi), property which is traceable to the gross receipts obtained from violation of wire fraud is subject to forfeiture to the United States.

1

not appealed.

During its investigation of Hairston, the Government also seized various items from his home, including computers, business statements, and financial records. None of these items were forfeited, however. In his Reply to the Show Cause Order, Plaintiff represents that he received a certified letter from the Government offering to return all non-contraband property, with the exception of the watch since it was forfeited. The Government asseverates that it needs to keep possession of the items until the case and all its appeals have been concluded.

In 2004, Plaintiff Hairston pled guilty to the crime of wire fraud, in violation of 18 U.S.C. § 1343,[2] and conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.[3] Plaintiff Hairston is currently challenging his conviction by both direct appeal and a writ for habeas corpus under 28 U.S.C. § 2255.

## II. MOTION TO DISMISS STANDARD

In a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264,

---

[2] 18 U.S.C. § 1343 reads: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

[3] 18 U.S.C. § 371 reads: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.
If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**III. ANALYSIS**

**A. Return of the Forfeited Platinum Watch**

Plaintiffs seek the market value of the forfeited watch under Fed. R. Crim. Proc. 41.[4] However, a claimant may not attack a civil forfeiture when Plaintiff did not challenge the proceeding that forfeited the property in the first place. *U.S. v. Echols*, 131 F.3d 144, 144 (8th Cir. 1997); *Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit*, 92 F.3d 648, 652 (8th Cir. 1996); *In re Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988), *rev'd on other grounds*. Because Plaintiffs did not challenge or appeal the forfeiture proceedings, they fail to state a claim under Rule 41. For the foregoing reasons, Plaintiff's claim for the forfeited watch will be dismissed.

**B. Return of the Non-Forfeited Items**

The Government argues that it is premature to return Plaintiffs' non-forfeited items because possession of the items is necessary since they are relevant evidence in Hairston's appeal and collateral attack of his sentence. However, Plaintiffs argue that these items are irrelevant to the appeal and should be returned under Federal Rule of Criminal Procedure 41(g). Under Rule

---

[4] Plaintiffs assert that the forfeiture was invalid because the watch was not an item charged in the indictment. While items in an indictment can be forfeited as part of the resolution of a criminal case under 18 U.S.C. § 982(a)(3)(F), the watch was forfeited in a civil case. Under civil forfeiture, there is no requirement that the property be charged in an indictment. 18 U.S.C. § 981(a)(1)(D)(vi).

3

41(g):

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Government is correct that a Rule 41(g) motion is properly denied if the "'government's need for the property as evidence continues.'" *U.S. v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (*citing United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993)). *See also*, U.S. v. Willson. 8 Fed.Appx. 593, 594 (8th Cir, 2001) (*citing United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991)).

However, the Government is incorrect that this case can be decided without an evidentiary hearing. The Government cites *United States v. Felici*, which held that "[w]hen it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing. 208 F.3d 667, 669 (8th Cir. 2000) (citation omitted). However, *Felici* involved a seized firearm, which the claimant was forbidden to own because he was a felon. The Government argues that Plaintiffs are not lawfully entitled to the property because there was probable cause to search Hairston's residence. However, the lawful entitlement to the property described in *Felici* does not refer to the legality of the search, but to ability to legally own the property due to the claimant's status. Furthermore, the plain language of Rule 41(g) contemplates an evidentiary hearing: "[t]he court must receive evidence on any factual issue necessary to decide the motion." *See also United States v. Bowker*, 372 F.3d 365, 387 (6th Cir. 2004) (finding error when factual disputes existed as to the ownership of the property and no evidentiary hearing was held).

Here, the Government's need for the documents to respond to Hairston's appeal and collateral attack are left unresolved. Therefore, an evidentiary hearing is required.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #5] is **GRANTED in part and DENIED in part**. Plaintiffs' claims as they relate to the Rolex Platinum with Diamond Cluster Watch are dismissed. As to Plaintiffs' remaining claims, the Court will hold an evidentiary hearing to determine if it would be possible for the Government to return the non-forfeited evidence to Plaintiffs with "reasonable conditions to protect access to the property and its use in later proceedings."

**IT IS FURTHER ORDERED** that a telephone conference on this matter will be held on **January 6, 2006**, at **9:30 a.m.** and the participation of Tandy L. Hairston, Inmate #30776-044, will be necessary for this conference. The Court will initiate this conference with Plaintiffs and counsel for the Defendant at the date and time stated above.

**IT IS FURTHER ORDERED** that the Superintendent of FPC-Millington shall make Tandy Hairston available by telephone to participate in this conference on **January 6, 2006**, at **9:30 a.m.** A certified copy of this Order shall be sent to the Superintendent of FPC-Millington, P.O. Box 2000, Millington, TN 38083.

Dated this 30th day of November 2005.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE