UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TANDY L. HAIRSTON, ) | |
| CAROLYN BEVERLY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV00363ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Second Motion to Reconsider this Court's November 30, 2005 Order granting Defendant's Motion to Dismiss as it related to Plaintiff's Rolex watch [doc. #23], and Plaintiff's Motion to Compel and Request for Pretrial Conference [doc. #34]. Plaintiffs seek the return of a Rolex watch previously forfeited in a civil case claiming that he did not have notice prior to the forfeiture. On January 30, 2006, the Court held a hearing, and ordered the parties to file additional briefs specifically regarding the notice given prior to forfeiture.

**I. BACKGROUND**

On April 18, 2002, the Government filed its Complaint of Forfeiture of a Rolex Platinum with Diamond Cluster Watch that was found in a search of Plaintiff Hairston's residence. The Government alleged that the watch was traceable proceeds from a violation of wire fraud, and therefore subject to a civil forfeiture suit under 18 U.S.C. § 981(a)(1)(D)(vi).[1] On August 7,

---

[1] Under 18 U.S.C. § 981(a)(1)(D)(vi), property which is traceable to the gross receipts obtained from violation of wire fraud is subject to forfeiture to the United States.

1

2002, a default judgment was entered; no one filed a motion claiming an interest in the property by contesting the forfeiture or claiming an "innocent owner" defense. The judgment granting forfeiture was not appealed.

## II. MOTION TO DISMISS STANDARD

In a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. ANALYSIS

Plaintiffs seek the market value of the forfeited watch under Fed. R. Crim. Proc. 41.[2] However, a claimant may not attack a civil forfeiture when a plaintiff did not challenge the proceeding that forfeited the property in the first place. *U.S. v. Echols*, 131 F.3d 144, 144 (8th Cir. 1997); *Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit*, 92 F.3d 648, 652 (8th Cir. 1996); *In re Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988), *rev'd on other grounds*.

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive

---

[2] Plaintiffs assert that the forfeiture was invalid because the watch was not an item charged in the indictment. While items in an indictment can be forfeited as part of the resolution of a criminal case under 18 U.S.C. § 982(a)(3)(F), the watch was forfeited in a civil case. Under civil forfeiture, there is no requirement that the property be charged in an indictment. 18 U.S.C. § 981(a)(1)(D)(vi).

2

> evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R.Crim. P. 41(g). Once an administrative forfeiture of the property is complete, the district court may only review whether the forfeiture comported with due process. *See United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir.1996). In order for notice to comport with due process requirements, it must be "reasonably calculated under all the circumstances to apprise petitioner of the pendency of the. . .forfeiture." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). "The due process clause does not require that the interested party receive actual notice of the ending action, however." *Nunley v. Dept. of Justice*, 425 F.3d 1132, 1135 (8th Cir. 2005). Indeed, the Eighth Circuit has held that notice of a forfeiture proceeding satisfies due process when forfeiture notice is sent to the claimant in the care of his attorney. *Id*. at 1139; *United States v. Cupples*, 112 F.3d 318, 320 (8th Cir. 1997); see also *United States v. Birchem*, 100 F.3d 607, 609 (8th Cir. 1996).

In the Default Judgment of Forfeiture Order in *United States v. One Men's Rolex Platinum With Diamond Cluster Watch*, No. 4:02CV00556 CAS, the Court found that Mr. Hairston "was served with process through his attorney, and that any and all other potential claimants have been served by publication." Plaintiffs argue that they had no actual notice of the forfeiture proceeding, but as noted above, actual notice is not required. The notice was sent to Mr. Burt Shostak on May 24, 2002.[3] Mr. Shostak represented Mr. Hairston as his attorney from

---

[3]The Government also claims that it published notice of the watch's forfeiture in a local paper, and Mr. Hairston received a standard letter informing him of the forfeiture and his rights to contest the forfeiture shortly after the watch was seized. This Court finds it unnecessary to address these additional forms of notice since serving notice upon Mr. Hairston's attorney alone

3

February 2002 to June 2002. Mr. Hairston admits that Mr. Shostak was his attorney, but argues that Mr. Shostak never entered an appearance in either the civil forfeiture proceeding or in Mr. Hairston's criminal case, and that several attorneys met with the Government on his behalf. This court finds that Mr. Hairston's arguments are unpersuasive. Regardless of whether Mr. Shostak entered an appearance in either case, he represented Mr. Hairston during the relevant time period. A return of service dated May 24, 2002 was executed by certified mail sent to the address of Mr. Hairston's counsel. Therefore, this Court finds that Mr. Hairston did have adequate notice of the forfeiture proceeding as required by the Due Process clause. Because Plaintiffs did not challenge or appeal the forfeiture proceedings, they fail to state a claim under Rule 41. For the foregoing reasons, Plaintiff's claim for the forfeited watch will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider this Court's November 30, 2005 Order granting Defendant's Motion to Dismiss as it related to Plaintiff's Rolex watch [doc. #23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and Request for Pretrial Conference [doc. #34] is **DENIED as Moot**.

An appropriate order of dismissal will accompany this Order.

Dated this 27th day of March 2006.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE

---

was sufficient to comport with due process.